# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE PRESSMEN
WELFARE FUND, LOCAL 72 *et al.*,

    Plaintiffs

v.                                  CIVIL NO. JKB-13-1725

MCARDLE PRINTING COMPANY,

    Defendant

## MEMORANDUM AND ORDER

Plaintiffs are trustees of two multiemployer employee benefit plans, as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). They have brought this action to enforce the plans' rights to employer contributions to their funds, as established in the collective bargaining agreements ("CBAs") between the employees' union and the employer, McArdle Printing Company ("McArdle"). (Compl., ECF No. 1.) Defendant filed its answer with affirmative defenses, including failure to state a claim for relief; waiver, estoppel, fraud, fraud in the inducement, and unclean hands; untimeliness; preemption; complete payment; compliance with the CBAs and other applicable agreements; and union liability for amounts owed. (Ans., ECF No. 4.)

Plaintiffs moved pursuant to Federal Rule of Civil Procedure 12(f) to strike the affirmative defenses of estoppel, fraud, fraud in the inducement, untimeliness, preemption, and union liability. (Pls.' Mot. Strike, ECF No. 8.) They assert that Fourth Circuit precedent bars any affirmative defense based upon the union's conduct, *i.e.*, estoppel, fraud,

inducement, and union liability;[1] they also assert that the affirmative defenses of untimeliness and preemption do not meet the Supreme Court's standard for pleading under Rule 8 and the affirmative defense of fraud does not meet the particularity standard of Rule 9. (*Id.*) Defendant filed an amended answer that eliminated from the second affirmative defense the alternative grounds of estoppel, fraud, fraud in the inducement, and unclean hands. (Am. Ans., ECF No. 11.) Waiver was retained as the only basis for the second affirmative defense. Also eliminated were the defenses of untimeliness, preemption, and union liability. However, Defendant added a fifth affirmative defense of equitable estoppel, alleging the union president, who is also a trustee of the Plaintiff funds, agreed Defendant did not have to make contributions to the funds on behalf of temporary employees, contrary to the CBAs. Further, Defendant alleges it relied upon the union president's oral agreement to Defendant's detriment.

Concurrently with its amended answer, Defendant also filed a response to Plaintiffs' motion, noting that its amended answer had eliminated most of Plaintiffs' objections to its original answer. (Def.'s Opp'n, ECF No. 12.) Plaintiffs' reply focuses only upon the equitable estoppel defense and maintains the argument that the defense fails as a matter of law; Plaintiffs also rely upon their earlier argument that this affirmative defense is deficient under governing pleading standards. (Pls.' Reply, ECF No. 13.) Plaintiffs' motion is now ripe for resolution. No hearing is required. Local Rule 105.6 (D. Md. 2011). The motion will be granted.

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Fourth Circuit has stated,

> Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed.1990). Nevertheless, "a

---

[1] Waiver and unclean hands were included in the second affirmative defense, along with estoppel, fraud, and fraud in the inducement. However, Plaintiffs' motion does not address them. Consequently, they are not in issue before the Court.

2

defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Id.* § 1381 at 665.

*Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In *Waste Management*, the Court affirmed the district court's decision to grant a Rule 12(f) motion and to strike an affirmative defense that had no legal precedent in the context of that case.

Plaintiffs' motion is aimed at Defendant's asserted defense of equitable estoppel, which Plaintiffs view as an insufficient defense. Plaintiffs rely upon clear Fourth Circuit precedent for the proposition that Defendant cannot maintain this defense to their suit to enforce ERISA fund contribution rights. In *Bakery and Confectionery Union and Industry International Pension Fund v. Ralph's Grocery Company*, 118 F.3d 1018 (4th Cir. 1997), the Court unequivocally stated that equitable estoppel is not available to modify the written terms of an ERISA plan in the context of a participant's suit for benefits. *Id.* at 1027. This principle is consistent with the Court's other statements:

> Section 515 [of ERISA, 29 U.S.C. § 1145] strengthens the position of multiemployer plans by holding employers and unions to the literal terms of their written commitments. Because an employer's obligation to a multiemployer fund is determined by the plain meaning of the language used in the collective bargaining agreement, the actual intent of the contracting parties (i.e., the employer and the local union) is immaterial when the meaning of that language is clear. Consequently, an employer is not permitted to raise defenses that attempt to show that the union and the employer agreed to terms different from those set forth in the agreement. Nor is an employer permitted to raise defenses that relate to claims the employer may have against the union.

*Id.* at 1021 (citations omitted).

The *Ralph's Grocery* decision left open the question of "whether equitable estoppel, when premised on the misconduct of a multiemployer fund, is available as a defense to an action for delinquent pension contributions" because the facts of that case did not support such an argument. The doctrine of equitable estoppel depends upon reasonable reliance on another's

3

representation, and reliance is only reasonable if the party asserting estoppel "does not or should not know the truth." *Id.* at 1027. Defendant implicitly attempts to argue that the union president's purported oral agreement overrode the CBAs, but it is implausible for Defendant to suggest that such a course of conduct was sufficient to modify a bargained-for CBA. Defendant has failed to provide a reasonable argument that it did not or should not have known that one trustee did not have the authority to act detrimentally to the fund's best interests by agreeing to forego fund rights under the CBAs. This is especially so in light of the Supreme Court's decision in *N.L.R.B. v. Amax Coal Company*, 453 U.S. 322 (1981). There, the Court noted that the enactment of ERISA had essentially codified the strict fiduciary standards that a trustee of an employee benefit trust fund must meet. *Id.* at 332. In light of those standards, it is plain "that welfare fund trustees are not 'representatives for the purposes of collective bargaining or the adjustment of grievances.'" *Id.* at 334.

> The management-appointed and union-appointed trustees do not bargain with each other to set the terms of the employer-employee contract; they can neither require employer contributions not required by the original collectively bargained contract, *nor compromise the claims of the union or the employer with regard to the latter's contributions*. Rather, the trustees operate under a detailed written agreement, 29 U.S.C. § 186(c)(5)(B), which is itself the product of bargaining between the representatives of the employees and those of the employer. Indeed, the trustees have an obligation to *enforce* the terms of the collective bargaining agreement regarding employee fund contributions against the employer "for the sole benefit of the beneficiaries of the fund."

*Id.* at 336-37 (first emphasis added) (footnote omitted).

Moreover, in the event of a conflict between an individual's dual roles as a union official and as a fund trustee, he must accede to the fiduciary responsibilities of his trusteeship when making decisions as a trustee. *Pegram v. Herdrich*, 530 U.S. 211, 225 (2000) ("ERISA does require, however, that the fiduciary with two hats wear only one at a time, and wear the fiduciary hat when making fiduciary decisions."). Thus, the Court concludes that Defendant's affirmative

defense of equitable estoppel is insufficient as a matter of law. The Court declines to reach Plaintiffs' additional argument that the pleading standards for complaints under the Federal Rules also apply to affirmative defenses.

Accordingly, for the reasons stated, it is hereby ORDERED that Plaintiffs' motion to strike Defendant's affirmative defense of equitable estoppel (ECF No. 8) is GRANTED.

DATED this ___16___ day of September, 2013.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge